IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SOFTVAULT SYSTEMS, INC.** | § | |
| | § | |
|     **Plaintiff** | § | |
| | § | |
| vs. | § | **CASE NO. 2:06-CV-16** |
| | § | **PATENT CASE** |
| **MICROSOFT CORPORATION** | § | |
| | § | |
|     **Defendant** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff SoftVault Systems, Inc.'s ("SoftVault") Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions (Docket No. 44). After considering the parties' written submissions, the Court **GRANTS in part** and **DENIES in part** the motion. Microsoft does not oppose SoftVault's motion to the extent SoftVault seeks to amend its infringement contentions to accuse two additional Microsoft products—Windows Media DRM 10 and Windows Vista—and the Court accordingly **GRANTS** this part of the motion. The Court **DENIES** the remainder of the motion for the reasons discussed below.

**BACKGROUND**

SoftVault filed suit on January 11, 2006 against Microsoft Corporation ("Microsoft") alleging Microsoft provides software and services that infringe U.S. Patent Numbers 6,249,868 ("the '868 patent") and 6,594,765 ("the '765 patent"). SoftVault served its initial Preliminary Infringement Contentions ("PICs") in July 2006. Docket No. 30. SoftVault filed its motion to amend its PICs nearly six months later. Docket No. 44. Microsoft opposes SoftVault's motion to amend its infringement contentions to change the asserted priority date of the claims-at-issue from September 29, 1998 to March 25, 1998. Microsoft does not oppose the portion of the motion seeking to add

two additional Microsoft products.  Def.'s Br. at 5 (Docket No. 48).

## APPLICABLE LAW

A party seeking leave to amend a court's scheduling order must show "good cause."  FED. R. CIV. P. 16(b);  *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); *see also* P.R. 3-6 (stating that amendments to PICs "may be made only by order of the Court, which shall be entered only upon a showing of good cause.").  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (internal quotations omitted).  Trial courts have broad discretion to allow scheduling order modifications and should consider four elements when determining whether to allow a modification: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *Id*. at 535-36.  Additionally, under element one, a party's failure to meet a deadline due to mere inadvertence "is tantamount to no explanation at all."  *Id*. at 536.

## ANALYSIS

The first factor, SoftVault's explanation for its failure to meet the deadline, weighs heavily against granting the motion.  SoftVault seeks to amend its infringement contentions to change the priority date of the asserted claims.  SoftVault's only explanation—proffered by SoftVault without any supporting affidavits—for its failure to meet the deadline is that "[a]fter investigation in discovery, SoftVault has determined that priority of the claims-at-issue in this case is based on a previous application filed March 25, 1998." Pl.'s Br. at 3 (Docket No. 44).  This fails to establish any diligence whatsoever.  The earlier application date is not "new information" that SoftVault acquired from Microsoft during discovery—it is information that was publicly available *before*

SoftVault filed suit. SoftVault cannot establish diligence in light of its failure to fully analyze this information. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (Davis, J.) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement."). SoftVault has failed to show diligence, an important element of good cause. *See 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006).

The second factor, the importance of the thing that would be excluded, weighs in favor of granting the motion. Priority dates are an important element in patent infringement cases. An earlier priority date would necessarily shrink the relevant body of prior art and could have a large impact on Microsoft's invalidity analyses.

The third factor, the potential prejudice in allowing the thing that would be excluded, weighs against granting the motion. SoftVault could have asserted the earlier priority date at the outset of this suit but did not—either by choice or through a lack of diligence. Allowing SoftVault to assert an earlier priority date at this time would prejudice Microsoft by forcing Microsoft to incur additional expense in reassessing its invalidity analyses based on an earlier priority date. Microsoft would also likely lose the ability to use references that are prior art under the currently asserted priority date.

The final factor, the availability of continuance to avoid any prejudice, weighs against granting the motion. Granting a continuance would allow Microsoft time to reassess its invalidity contentions. However, a continuance would not cure prejudice to Microsoft arising from a narrowed body of prior art. SoftVault had access to the earlier application before filing suit and has not shown good cause to alter the asserted patent's priority date. *See O2 Micro*, 467 F.3d at 1364 (emphasizing that local patent rules "require parties to crystallize their theories of infringement early in the

litigation" to "prevent the 'shifting sands' approach to claim construction").

## CONCLUSION

SoftVault seeks to amend its infringement contentions more than a year after filing this case. SoftVault has not shown good cause for its failure to previously allege the May 25, 1998 priority date, accordingly the Court **DENIES in part** SoftVault's motion (Docket No. 44). The Court **GRANTS in part** the remainder of SoftVault's motion regarding the two additional Microsoft products, which is unopposed.

**So ORDERED and SIGNED this 4th day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**